IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
SOUTHERN REGION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BENJAMIN MACHADO GOMEZ and GUSTAVO TOKUNAGA CERVANTES,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTIONS TO PERMIT JOINT REPRESENTATION (DOC. NOS. 24, 25)**<br><br>Case No. 4:21-cr-00007-DN-DAO<br><br>District Judge David Nuffer<br><br>Magistrate Judge Daphne A. Oberg |

Before the court are two identical motions, (Doc. Nos. 24, 25), filed by Craig R. Johnson, defense counsel, requesting leave to jointly represent co-defendants Benjamin Machado Gomez and Gustavo Tokunaga Cervantes.[1]  For the reasons below, the court DENIES these motions and orders representation by separate counsel.

## Background

On January 20, 2021, Mr. Johnson filed notices of appearance in this case on behalf of both Mr. Machado and Mr. Cervantes.  (Appearance of Counsel, Doc. No. 6; Appearance of Counsel, Doc. No. 7.)  At each of the defendants' initial hearings on January 25, 2021, the court inquired into the issue of joint representation and ordered Mr. Johnson to comply with Rule 44-2 of the Local Rules in this district.  (*See* Doc. Nos. 17, 20.)  Pursuant to this rule, Mr. Johnson filed the motions at issue, asking the court to permit his joint representation of the defendants.

In his motion, Mr. Johnson asserts that, upon calculating the applicable sentencing guidelines, he will not be required to account for differing levels of culpability between the

---

[1] The defendants are respectively referred to as Mr. Cervantes and Mr. Machado in this order, consistent with how they asked the court to refer to them at their initial hearings.

defendants.  He also maintains: "it is clear that no actual conflict exists or is foreseeable."  (Mot. to Permit Joint Repres. 1–2, Doc. No. 24; Mot. to Permit Joint Repres. 1–2, Doc. No. 25.)  Attached to each motion are certifications, signed electronically (purportedly by Mr. Machado and Mr. Cervantes), indicating an intent to waive any conflict arising from the joint representation.  (Exs. A & B to Mot. to Permit Joint Repres., Doc. No. 24; Exs. A & B to Mot. to Permit Joint Repres., Doc. No. 25.)  The government filed a response to these motions on February 2, 2021, offering no argument for or against the motions.  (*See* U.S. Resp. to Defs.' Mot. to Permit Joint Repres., Doc. No. 28.)

A hearing was held on these motions on February 11, 2021, with the government, Mr. Johnson, and both defendants present—along with a lawyer from the Federal Public Defender Office, who the court invited for purposes of independently consulting with the defendants about the risks of joint representation.  At the hearing, both Mr. Machado and Mr. Cervantes expressed their desire to continue with Mr. Johnson as their attorney, and both declined the invitation to consult with separate counsel on the matter.

**Legal Standards**

The Sixth Amendment of the Constitution provides for the assistance of counsel for criminal defendants.  U.S. Const. amend. VI.  Deriving from this is the right to effective assistance of counsel.  *Mickens v. Taylor*, 535 U.S. 162, 166 (2002); *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970).  Assistance which does not effectively preserve fairness "does not meet the constitutional mandate."  *Mickens*, 535 U.S. at 166.

There is a Sixth Amendment presumption in favor of the defendant's counsel of choice.  *Wheat v. United States*, 486 U.S. 153, 160 (1988).  But this presumption can be overcome by showing an actual conflict or serious potential for conflict in the representation.  *Id.* at 164.  An

actual conflict exists if counsel must compromise her "duty of loyalty or zealous advocacy to the accused by choosing between or blending the divergent or competing interests of a former or current client." *Perillo v. Johnson*, 205 F.3d 775, 781 (5th Cir. 2000). "[T]he typical conflict of interest case involves joint representation of codefendants." *Castro v. Ward*, 138 F.3d 810, 821 (10th Cir. 1998). Due to the "high probability of prejudice" arising from joint representation, a presumption of prejudice exists in such cases. *Mickens*, 535 U.S. at 174–75. The "evil" of such representation "is in what the advocate finds himself compelled to *refrain* from doing, not only at trial but also as to possible pretrial plea negotiations and in the sentencing process." *Holloway v. Ark.*, 435 U.S. 475, 490 (1978) (emphasis in original).

It is within the court's discretion whether to accept a defendant's waiver of separate counsel. Where a conflict of interest exists, the court "may decline a proffer of a waiver, and insist that defendants be separately represented." *Wheat*, 486 U.S. at 162. Unfortunately, this decision must be made "not with the wisdom of hindsight after the trial has taken place, but in the murkier pretrial context when relationships between parties are seen through a glass, darkly." *Id.* For this reason, the court has "substantial latitude" in refusing waivers, even in cases "where a potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses." *Id.* at 163. When considering this issue, courts looks at both the interests of the criminal defendant and the "independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." *Id.* at 160.

## Analysis

In this case, Mr. Cervantes' and Mr. Machado's waivers of separate counsel must be refused. There is serious potential an actual conflict will arise during the case, implicating the fairness of the process and the effectiveness of the defendants' representation.

At the hearing, Mr. Johnson expressed his belief that no conflict will arise based on joint representation. He indicated he represents both Mr. Cervantes and Mr. Machado in the state court system. Based on his representation of both defendants in that context, Mr. Johnson sees no difference in their possible culpability, and he estimates they face the same advisory guideline sentencing range if convicted. Mr. Johnson asserted that the chance of either defendant going to trial is quite low.

Assistant United States Attorney Cameron Warner agreed that based on what he currently knows, both Mr. Cervantes' and Mr. Machado's levels of culpability are the same. However, he indicated this may not remain the case because search warrants have been obtained for purposes of analyzing the defendants' phones, and evidence from these searches may reveal differences in blameworthiness. Mr. Warner also acknowledged the possibility the government will offer one of the two defendants a more favorable plea deal than the other. He noted that the government is amenable to having one of the defendants cooperate against the other for purposes of obtaining a more favorable case resolution. In addition, Mr. Warner noted both Mr. Cervantes and Mr. Machado might qualify for a "safety-valve" reduction in sentence under 18 U.S.C. § 3553(f). As Mr. Warner recognized, safety-valve relief or other cooperation would require the participating defendant to provide truthful and complete statements about the offense alleged—including statements implicating his co-defendant.

In light of this information, Mr. Machado's and Mr. Cervantes's waivers cannot be accepted. The problems which would arise from joint representation in this case are manifold and unavoidable. First, either Mr. Machado or Mr. Cervantes might to decide to cooperate against the other. Or, even if they choose not to cooperate directly, one may implicate the other in the process of obtaining safety-valve relief. Despite Mr. Johnson's belief that neither defendant will proceed to trial, this possibility remains. Along with this possibility comes the chance Mr. Machado and Mr. Cervantes will pursue divergent legal strategies. All of this would put Mr. Johnson in the untenable position of hurting one client by virtue of providing zealous, effective assistance to the other. The fact that Mr. Johnson currently represents both defendants in the state system does not change the inquiry.

Notably, at the hearing, Mr. Warner indicated he had intentionally withheld discovery thus far, so as not to prejudice one defendant over the other by giving Mr. Johnson access to the separate discovery productions before the joint-representation issue was settled. This highlights a number of problems. First, the discovery production for Mr. Cervantes is different than the discovery production for Mr. Machado. Any difference in evidence raises questions about differences in culpability and possible defenses. Next, Mr. Warner believed one defendant might be prejudiced over another if the productions were made before the joint-representation question was resolved. This, alone, is cause for concern. Finally, neither Mr. Johnson nor either of the defendants has seen the federal discovery. Neither Mr. Machado nor Mr. Cervantes can understand the facts underlying the conflict and the risks associated with waiving it without having reviewed the evidence. Moreover, this calls into question Mr. Johnson's ability to ascertain the relative culpability of Mr. Machado and Mr. Cervantes at this point, as well as his ability to estimate the respective sentencing ranges or to accurately predict the course of the case.

Because Mr. Johnson cannot predict what issues might arise which could prejudice one of the two defendants, there is a serious possibility he will either be placed in a position of having to attack the credibility of one defendant in order to effectively represent the other—or will be prevented from vigorously exploring plea negotiations due to competing loyalties.

Finally, both Mr. Machado and Mr. Cervantes have an independent right to privileged communications with counsel. Combined, this would give Mr. Johnson access to confidential information about each defendant he would not otherwise have in the course of representing a singular defendant. There is a real possibility the confidential information stemming from Mr. Johnson's representation of Mr. Machado, for example, could become relevant in his defense of Mr. Cervantes. However, Mr. Johnson would not be able to use this information due to his continuing allegiance to Mr. Machado.

Considered in totality, it appears likely a substantial, actual conflict of interest will surface throughout the course of the case—if it does not exist already. Indeed, an irreconcilable conflict of interest is apparent from the record. Because the indicia of conflict are too strong at the threshold to permit a knowing and intelligent choice of joint representation, Mr. Machado's and Mr. Cervantes' waivers of the right to separate counsel are insufficient. The only way to ensure effective assistance of counsel is to deny Mr. Johnson's motions.

## Conclusion

As indicated at the February 11 hearing, the defendants are ordered to obtain separate counsel. Both Motions to Permit Joint Representation (Doc. Nos. 24, 25) are DENIED. Mr. Johnson is ordered to facilitate replacement retained or appointed counsel for either Mr. Cervantes or Mr. Machado. Unless new counsel enters an appearance by February 19, 2021, Mr.

Johnson must either submit a completed affidavit of indigency on behalf of one of the defendants or submit a status report with regard to the retention of substitute counsel by this date.

DATED this 12th day of February, 2021.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge